Law Library

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0081-08 |
| vs. | ) DECISION AND ORDER<br>) (Motion for Sanctions Regarding<br>) Prosecutorial Misconduct) |
| DOMINIQUE LAMAR FELDER,<br>Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 23, 2009, for a hearing on Dominique Lamar Felder's ("Defendant") Motion for Sanction Regarding Prosecutorial Misconduct. Attorney Clyde Lemons[1] of Alternate Public Defender represented Defendant. Attorney J. Basil O'Mallan appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

---

[1] Mr. Lemons is no longer employed with Alternative Public Defender. Mr. Lemons is currently employed at the Attorney General's Office. The Court was advised that Mr. Lemons has no involvement in this case at the Attorney General's Office. Further Proceeding at 10:42 a.m. (February 20, 2009). Defendant requested that a new attorney be assigned to his case; the Court granted Defendant's request in an abundance of caution. Further Proceeding at 11:18 a.m. (February 23, 2008).

On February 21, 2008, the Grand Jury handed down an indictment to the Defendant. In the indictment, the Grand Jury charged the Defendant with the offense of First Degree Criminal Sexual Conduct in violation of 9 G.C.A.§§ 25.15(a)(1) and (2). Defendant is alleged to have engaged in sexual penetration with G.K.H.H, who is a minor under the age of fourteen years of age. Superceding Indictment at 1(January 6, 2009)[2].

On May 9, 2008, the People filed a Motion to Compel DNA Testing. In the motion, the People asked the Court to compel the Defendant to submit hair, saliva and blood samples for the purpose of conducting DNA testing. The People's Motion to Compel DNA Testing at 2 (May 9, 2008). The motion was filed pursuant to the police discovering semen from G.K.H.H.'s vagina and panties. Id. at 2. The People argued that the 8 G.C.A. § 70.25 allowed the Court to compel Defendant's DNA.

On May 15, 2008, a motion hearing was held on the People's Motion to Compel DNA Testing. Defendant did not file an opposition because under 8 G.C.A. § 70.25 the People are entitled to request for Defendant's DNA. Motion Hearing at 9:19 a.m. (May 15, 2008). The Court granted the People's Motion to Compel DNA Testing. Id. at 9:20 a.m. The Court signed the Order to Compel DNA Testing. See Order to Compel (May 15, 2008).

On December 2, 2008, the Court was advised that the Defendant intended to file a motion for sanctions. Motion Hearing at 2:24 p.m. (December 2, 2008). A FBI Laboratory report ("FBI Report"), dated September 5, 2008, was disclosed to the Defendant. In accordance with the Order to Compel, the FBI Report contained information about the examination of DNA of specimens from the victim – G.K.H.H and of specimens from Defendant. Defendant's

---

[2] The superceding indictment was filed for the purpose of indicting another defendant – Tokiuo Andon - in this matter. The original charge against Mr. Felder remains the same.

Motion for Sanctions Exhibit B (December 3, 2008). The FBI report also contained information of the examination of DNA of specimens from an individual named Marsala Michael ("Michael"). Id. Michael was never mentioned in the People's Motion to Compel – which the Court granted, or in the Order to Compel –which the Court signed.

On December 3, 2008, Defendant filed a Motion for Sanctions regarding Prosecutorial Misconduct. In the motion, Defendant argued that the People failed to comply with the Order to Compel DNA Testing, and as a result, violated Defendant's Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to procedural due process of law. Defendant Motion for Sanctions at 2 (December 3, 2008)[3]. Defendant argued that these violations amount to prosecutorial misconduct and the Court should grant Defendant's motion for sanctions in the form of a dismissal with prejudice. Id. at 2 – 3.

On December 12, 2008, the People filed an Opposition to Defendant's Motion to Dismiss. The People argued that the inclusion of Michael was to corroborate the Defendant's alibi. The People's Opposition at 2 (December 12, 2008)[4]. The People also suggest that, even if Michael and Defendant were together the night of the alleged criminal conduct, Michael's DNA could have been transferred to G.K.H.H. through the Defendant. Id.

---

[3] Defendant in his Motion for Sanctions Regarding Prosecutorial Misconduct is void of any statutory or case authority to support his argument for sanctions against the People. See Motion for Sanctions (December 3, 2008). The Local Rules of the Superior Court of Guam require that a memorandum in support must contain points and authorities upon which the moving party relies on, including citations. CRV 7.1 (c)(1).

[4] The People in their Opposition to Defendant's Motion to Dismiss is void of any statutory or case authority to support their argument against Defendant's call for sanctions against the People. See The People's Opposition (December 12, 2008). The Local Rules of the Superior Court of Guam require that a memorandum in support must contain points and authorities upon which the opposing party relies on, including citations. CRV 7.1 (d)(1)(A).

On December 30, 2008, the Court was ready to hear Defendant's Motion for Sanctions Regarding Prosecutorial Misconduct and Motion to Dismiss the Indictment. Defendant's attorney, Mr. Lemons, was not present. Instead, Mr. Stephen Hattori, of Alternate Public Defender was present. Mr. Hattori advised the Court that Mr. Lemons was off-island and would be returning January 5, 2009. Motion Hearing at 10:25 a.m. (December 30, 2008). The Court scheduled a further proceeding on January 5, 2009 to determine a date to continue the motion hearing. Id.

On January 5, 2009, the Court held a further proceeding. The Court scheduled a continued motion hearing on January 23, 2009. At the motion hearing, the Court would hear Defendant's Motion for Sanctions Regarding Prosecutorial Misconduct and Defendant's Motion to Dismiss the Indictment.

On January 23, 2009, a motion hearing was held. The Court heard arguments from the Defendant and the People pertaining to Defendant's Motion for Sanctions Regarding Prosecutorial Misconduct and Defendant's Motion to Dismiss the Indictment. The Court addressed Defendant's Motion to Dismiss the Indictment in a separate Decision and Order. The Court now addresses Defendant's Motion for Sanctions Regarding Prosecutorial Misconduct.

**DISCUSSION**

Defendant asked the Court to dismiss this matter with prejudice for gross prosecutorial misconduct. Defendant's Motion for Sanctions at 3 (December 3, 2008). When a valid court order is violated the court must determine whether a particular sanction is appropriate to remedy the infraction. People v. Tuncap, 1998 Guam 13, ¶ 23. If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances. 8

G.C.A. § 70.45. The appropriateness of the sanction rests in the court's discretion. Tuncap, 1998 Guam at ¶ 24 (citing United States v. Gee, 695 F.2d 1165, 1168 (9th Cir. 1983)). But the court must choose a sanction that is proportionate to the misconduct. Id. (citing Gee, 695 F.2d at 1168). The Court should impose the least severe sanction that would result in prompt and full compliance with the court's discovery orders. Id. (citing United States v. Sarcinelli, 667 F.2d 6, 7 (5th Cir. 1982).

When deciding the appropriateness of a sanction the court uses the following factors: (1) reasons why the disclosure was not made; (2) the extent of the prejudice, if any, to the opposing party; (3) the feasibility of rectifying that prejudice by continuance, and (4) any other relevant circumstances. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7).

On May 15, 2008, the Court issued an Order to Compel DNA Testing pursuant to 8 G.C.A. § 70.25. The Order to Compel DNA Testing allowed the People to conduct DNA testing on the victim, G.K.H.H. and on the Defendant. Order to Compel (May 15, 2008). There was no mention of Michael in the Motion to Compel DNA Testing or the Order to Compel DNA Testing the Court signed on May 15, 2008[5]. See Order to Compel (May 15, 2008). Therefore, the Court finds that the inclusion of Michael's specimens for DNA testing violated the Order to Compel DNA Testing. The Court must now apply the Tuncap test to determine what sanctions, if any, are appropriate as a result of the People failure to comply with the Order to Compel DNA Testing.

Under the test set forth in Tuncap, the Court must first look at the People's reasons why Michael's specimens were included for DNA testing. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7). The People argued that they included Michael's specimens for DNA

---

[5] The People knew when they filed their Motion to Compel DNA Testing that Defendant wrote a statement to the police that indicated that he was with P7 – who the People state is Michael – at the time the alleged crime was committed. See The People's Opposition to Dismiss Indictment Exhibit 2 (September 16, 2008).

testing, along with G.K.H.H.'s and Defendant's specimens, in order to corroborate Defendant's alibi. The People's Opposition at 2 (December 12, 2008). If the People felt that Michael's DNA needed to be tested, the People should have included Michael in the Motion to Compel DNA Testing. An easier way to corroborate Defendant's alibi is to ask Michael if she was with him. The Court cannot find the People's reason for including Michael's specimens for DNA testing acceptable, without including Michael in the original Motion to Compel DNA Testing. Therefore, the Court finds that the People's reason is not sufficient to excuse the inclusion of Michael's specimens

The Court must next look at what is the extent of prejudice to the Defendant, as a result of the People's failure to comply with the Order to Compel DNA Testing. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7).Defendant argues that the People's failure to notify the Court and Defendant of the inclusion of Michael's specimens impinged on Defendant's Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment right to procedural due process. The Court agrees. If the People had properly disclosed of their intention that Michael be included for DNA testing in their Motion to Compel DNA Testing it would have put the Court, but more importantly Defendant on notice of the intentions of the People. The prejudice incurred by the Defendant is a lack of notice. If Defendant had notice of the inclusion of Michael, he could have filed an opposition to the People's motion. But the failure of the People to include Michael in the original Motion to Compel DNA Testing led to Defendant submitting a non-opposition on the record. Motion Hearing at 9:19 a.m. (May 15, 2008). Therefore, the Court finds that Defendant has suffered prejudice as a result of the inclusion of Michael's specimens for DNA testing.

The Court now must look at the feasibility of rectifying that prejudice by a continuance. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7). The Court finds that a continuance cannot cure the People's violation of the Court's Order to Compel DNA Testing. Thus, the Court finds that sanctions are appropriate under Tuncap.

The Defendant argued that dismissal is the adequate sanction for the People's failure to comply with the Court's Order to Compel DNA. Defendant's Motion for Sanctions at 3 (December 2, 2008). The Court disagrees. The sanction of dismissal is a disfavored remedy. Tuncap, 1998 Guam at ¶ 26 (citing People v. Maeada, Crim. No. CR94-00070A, 1995 WL 604365 D.Guam App. Div. Sept. 18, 1995(citing United States v. Rodgers, 751 F.2d 1074, 1076-77 (9th Cir. 1985))). "Dismissal of an indictment is considered a drastic step and is generally disfavored as a remedy." People v. Muna, 999 F.2d 397, 399 (9th Cir. 1993) (citing United States v. Rogers, 751 F.2d 1074, 1076-77 (9th Cir. 1985); See Marada, 1995 WL 604365 (Court stated that the sanction for dismissal is a disfavored remedy). Dismissal of an indictment occurs when the government's misconduct is so outrageous and violates justice. Tuncap, 1998 Guam at 26 (citing Marada, 1995 WL 604365). The Court may impose sanctions that are less harsh than an outright dismissal, instead of preventing the case from going forward. Id. at ¶¶ 27-28. The Court determines that a dismissal is not warranted in the present case, but the Court finds that the less harsh sanction of the exclusion of the FBI Report[6].

The Court may also impose a less harsh sanction of "chastising counsel in a public opinion." Id. at ¶ 28. The Court is greatly concerned that the People, but more particularly Mr. O'Mallan, failed comply with the Order to Compel DNA Testing. All Mr. O'Mallan had to do

---

[6] The exclusion would include any other FBI DNA Reports that are issued pursuant to the Court's May 15, 2008 Order to Compel DNA Testing which includes the DNA testing of Michael's specimens.

was to include Michael in his initial Motion to Compel DNA Testing or amend the Motion to Compel DNA Testing – giving Defendant an opportunity to file an opposition to his motion. The Court has always tried to give opportunities to parties to make their respective motions and oppositions, and the Court would have entertained Mr. O'Mallan's request to include Michael in his motion. But what Mr. O'Mallan did, when he included Michael's specimens for DNA testing, was to keep the Court and Defendant in the dark. This is unacceptable. The Court hopes that in the future, the People will be forthright in their intentions, and the People follow the Court's orders as issued.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Defendant's Motion for Sanctions Regarding Prosecutorial Misconduct.

**SO ORDERED** this _2 4_ day of _Feb._, 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

FEB 24 2009


James R. Borja
Deputy Clerk, Superior Court of Guam

The People of Guam vs. Dominique Felder, CF0081-08
Decision and Order – Motion for Sanctions

Page 8 of 8